**IN THE U.S. DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| **CLAUDE G. MARTIN** | ) |
| | ) |
| **and** | ) |
| | ) |
| **JANE L. MARTIN,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Case No. _____** |
| | ) |
| **DAVID J. MURON, MD,** | ) |
| **Serve: 1776 Cimarron Square** | ) |
| **Apartment 508** | ) |
| **El Paso, TX 79911** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

Plaintiffs, Claude G. Martin ("Mr. Martin") and Jane L. Martin ("Mrs. Martin") (collectively, the "Martins"), by counsel, bring this Complaint for Deficiency against Defendants David J. Muron, MD ("Dr. Muron"), on the grounds set forth below:

## PARTIES

1.    The Martins are citizens of the Commonwealth of Pennsylvania and reside in Lancaster, Pennsylvania.

2.    Upon information and belief, Defendant David J. Muron, MD, is a citizen of the State of Texas and resides at 1776 Cimarron Square, Apartment 508, El Paso, Texas.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship among the Martins and the Defendant, and the amount in

controversy, exclusive of interest, attorney's fees, and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4.      Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the Martins' claim occurred in this judicial district.

## BACKGROUND FACTS

5.      On September 20, 2007, the Martins purchased residential real estate located at 8711 Exchange Lane, Gloucester, VA 23061 (the "Property").

6.      The Martins subsequently listed the Property for sale.

7.      In 2013 the Defendant and his wife, Marilyn Muron ("Mrs. Muron"), made an offer to purchase the Property for two million dollars ($2,000,000.00), on the condition that the Martins financed Defendant's and Mrs. Muron's purchase of the Property.

8.      The Martins agreed to finance Defendant's and Mrs. Muron's purchase of the Property.

9.      At the time of purchase, Defendant and Mrs. Muron provided a down payment of one hundred twenty thousand dollars ($120,000.00) for their purchase of the Property.

10.     On or about January 3, 2014, Defendant and Mrs. Muron executed a Deed of Trust Note (the "Note") by which Defendant and Mrs. Muron agreed to repay the remaining balance on the purchase of the Property, and the sale of the Property closed on January 3, 2014.

11.     Pursuant to the terms of the Note, Defendant and Mrs. Muron agreed to pay the principal amount of one million eight hundred eighty thousand dollars ($1,880,000.00), plus interest at the rate of two and one-half percent (2.5%) per annum.

12.     A true and accurate copy of the Note is attached hereto as **Exhibit A**.

13.     The Note was secured by that certain Purchase Money Deed of Trust dated January 3, 2014 and recorded in the Clerk's Office of the Circuit of Gloucester County (the "Clerk's Office") as Instrument Number 140000034 (the "Deed of Trust"), which Deed of Trust encumbers the Property.

14.     A true and accurate copy of the Deed of Trust is attached hereto as **Exhibit B**.

15.     The Property consists of a primary residence, three garage buildings, and a two-story cottage which includes a full-service kitchen, bath, living room, dining room, and bedroom.

16.     The Note required Defendant and Mrs. Muron to pay quarterly installments of principal and interest commencing April 3, 2014 plus annual installments of principal due each year on January 3, commencing on January 3, 2015.

17.     Defendant and Mrs. Muron agreed to pay the full balance of indebtedness due under the Note on or before January 3, 2018.

18.     Pursuant to the third paragraph of the Note, Defendant agreed "to pay all costs of collection, including a reasonable attorney's fee."

19.     Defendant and Mrs. Muron and the Martins subsequently entered into a Modification of Note and Deed of Trust, executed in December 2017 and recorded in the Clerk's Office on January 10, 2018 as Instrument Number 18000098 (the "Modification") which modified the terms of the Note (collectively, the Note and Modification shall be referred to as the "Amended Note").

20.     A true and accurate copy of the Modification is attached hereto as **Exhibit C**.

21.     Pursuant to the Amended Note, Defendant and Mrs. Muron agreed to repay the outstanding balance of one million six hundred fifty-eight thousand five hundred and forty-seven dollars ($1,658,547.00), plus interest at the rate of three percent (3%).

22.     The Modification increased the quarterly payments of principal and interest to $23,000; increased the annual installment of principal due on January 3, 2019 to $23,000; and extended the final payment, consisting of the principal balance plus interest and any other accrued charges, on or before January 3, 2019 (the "Final Payment Due Date"). *See* Exh. C ¶ 3.

23.     The Final Payment Due Date was never extended beyond January 3, 2019.

24.     Upon information and belief, on or about December 2014, the cottage on the Property sustained significant water damage caused by a frozen pipe which burst.

25.     Upon information and belief, the Murons received money from their homeowners' insurance policy to repair the water damage.

26.     However, the Martins later discovered that the Murons never repaired the water damage to the cottage.

27.     Defendant and Mrs. Muron failed to make their quarterly installment of principal and interest and their annual installment of principal, both due on January 3, 2019, as required by the Amended Note (the "January 2019 payments").

28.     Defendant and Mrs. Muron failed to make final payment on or before the Final Payment Due Date.

29.     Defendant's failure to make the January 2019 payments and final payment on or before the Final Payment Due Date constituted a material default under the terms of the Amended Note.

30.     In an email from Defendant to the Martins dated January 10, 2019, Defendant stated the he would "not be able to come close to meeting the 2019 payments" and concluded that he and Mrs. Muron "do not know how to proceed with this except to return the [Property] to you in foreclosure" (the "January 10, 2019 Email").

4

31.     A true and accurate copy of the January 10, 2019 Email from Defendant is attached as **Exhibit D**.

32.     By letter dated May 28, 2019 and sent to Defendant and Mrs. Muron by Certified Mail, Richard Foard, Trustee under the Deed of Trust (the "Trustee"), gave notice that the Amended Note was in default and that he would conduct a foreclosure sale pursuant to the terms of the Deed of Trust at 2:00 pm (EST) on June 28, 2019 (the "Foreclosure Notice").

33.     A copy of the Foreclosure Notice is attached as **Exhibit E**.

34.     On May 29, 2019, the Trustee sent a Notice of Trustee's Sale (the "Notice of Trustee's Sale") to the Clerk of the Gloucester County Circuit Court. The Notice of Trustee's Sale was posted at the front door of the Gloucester County Courthouse.

35.     A copy of the Notice of Trustee's Sale is attached as **Exhibit F**.

36.     The Trustee advertised the foreclosure sale of the Property in the Gloucester-Mathews Gazette Journal, a newspaper of general circulation in Gloucester County on June 6, 13, 20 and 27, 2019.

37.     The Trustee satisfied all conditions precedent and requirements under the Amended Note, the Deed of Trust and Virginia law to foreclose on the Property.

38.     At 2:00 pm (EST) on June 28, 2019, the Property was sold at public foreclosure by the Trustee, for the purchase price of $600,000.00.

39.     A true and accurate copy of the Trustee's Deed conveying the Property is attached hereto as **Exhibit G**.

40.     The costs of sale were $47,840.81, as stated in the Accounting of Sale submitted by the Trustee to the Office of the Commissioner of Accounts for Gloucester County on or about August 15, 2019.

41.     The Commissioner of Accounts approved the Trustee's Accounting of Sale.

42.     A true and accurate copy of the approved Accounting of Sale is attached hereto as

**Exhibit H**.

43.     As of June 28, 2019, the total outstanding balance due under the Amended Note
was $1,677,078.83, calculated as follows:

   a.   Principal Balance:  $1,630,199.00

   b.   Late Fees:  $7,282.00

   c.   Accrued Interest:  $23,716.23

   d.   Costs for preserving the Property:  $8,141.60

   e.   Legal Fees of Noteholder:  $7,740.00

*See* Exh. H.

44.     The net proceeds from the foreclosure sale of the Property to apply to the
outstanding balance of the Amended Note were $552,334.19. *See* Exh. H.

45.     Accordingly, the proceeds from the foreclosure sale of the Property were
insufficient to satisfy the outstanding balance of the Amended Note as of the date of the
foreclosure sale.

   **COUNT I – BREACH OF THE AMENDED NOTE AND DEED OF TRUST**

46.     The Martins incorporate the allegations of paragraphs 1 through 45 as if fully set
forth herein.

47.     Defendant defaulted on his obligations under the Amended Note and Deed of
Trust by failing to make payments as and when due.

48.     Defendant defaulted on his obligations under the Amended Note and Deed of
Trust by failing to maintain the Property, which was the Martins' collateral to secure the

obligations under the Amended Note. Specifically, Defendant failed to repair water damage to the Property even though he received insurance proceeds for such repairs.

49.     After application of the proceeds from the foreclosure sale on of June 28, 2019, there was an outstanding balance on the Amended Note owed to the Martins in the amount of $1,124,744.64. *See* Exh. H.

50.     The Amended Note is accruing interest at the rate of three percent (3.0%) annually until it is paid in full. *See* Exh. C ¶ 3.

51.     By letter dated November 22, 2019, the Martins, by counsel, demanded that Defendant pay the balance due under the Amended Note plus interest.

52.     A copy of that demand is attached hereto as **Exhibit I**.

53.     Despite the demand, the Defendant has failed and/or refused to pay the balance due or the interest on the Amended Note.

54.     Defendant is in material breach of his obligations under the Amended Note and Deed of Trust.

55.     The Martins have fully performed their obligations under the Amended Note and Deed of Trust and all conditions precedent to enforcement of the Amended Note and Deed of Trust have been satisfied and/or waived.

56.     As a direct, proximate and foreseeable result of Defendant's material breach of the Amended Note and Deed of Trust, the Martins have suffered monetary loss and damages for which Defendant is liable, in the amount of $1,124,744.64.

57.     Defendant is also required to pay interest at the rate of 3% annually and a reasonable attorney's fee, as required by the Amended Note.

## COUNT II - WASTE

58.     The Martins incorporate the allegations of paragraphs 1 through 57 as if fully set forth herein.

59.     Defendant failed and refused to perform the necessary maintenance and upkeep to maintain the Property in good condition and repair.

60.     Defendant failed and refused to repair the damage resulting from the water pipe burst in the Property's cottage.

61.     Defendant received insurance funds to make said repairs from the water damage and still failed and/or refused to do so.

62.     Such failure and refusal to perform the necessary maintenance and upkeep to maintain the Property in good condition and repair constituted destruction, misuse, alteration, and/or neglect of the Property.

63.     Defendant's failure and refusal to perform the necessary maintenance and upkeep physically changed the Property in a manner that significantly reduced its value.

64.     At the time Defendant failed and refused to perform the necessary maintenance and upkeep to maintain the Property in good condition and repair, Defendant was legally in possession of the Property.

65.     Defendant's failure to perform the necessary maintenance and upkeep to maintain the Property in good condition and repair prejudiced, and was detrimental to, the Martins' interest in the Property.

66.     Defendant's actions described herein constitute waste.

67.     As a direct and proximate result of Defendant's waste, the Martins were damaged through the loss in value of the Property, and upon information and belief $103,523.64 was the amount of insurance proceeds received by Defendant.

68.     Defendant's actions were grossly negligent and/or willful, and as such the Martins are entitled to punitive damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, Claude G. Martin and Jane L. Martin, pray for the following relief:

A.     Judgment for Count I against Defendant David J. Muron in the amount of $1,124,744.64, plus interest at the rate of 3.0% annually from June 28, 2019 until paid;

B.     Judgment for Count II against Defendant David J. Muron in the amount of $103,523.64; and

C.     interest, reasonable attorneys' fees, costs of this action and other legal expenses, and such additional relief as the Court deems just and appropriate.

Dated this 10th day of August, 2020.

CLAUDE G. MARTIN and JANE L. MARTIN

By:  __/s/ W. Alexander Burnett_____
                By Counsel

W. Alexander Burnett, Esquire (VSB No.68000)
Anna T. Birkenheier, Esquire (VSB No. 86035)
Williams, Mullen, Clark & Dobbins, P.C.
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420- 6507
aburnett@williamsmullen.com
abirkenheier@williamsmullen.com
        *Counsel for Plaintiffs Claude G. Martin*
        *and Jane L. Martin*

42186768_1